Harris, J.,
delivered the opinion of the Court.
This action was commenced by the defendants in error before a justice of the peace of Greene county, for injuries inflicted upon the plaintiff, Phoebe, by a vicious dog of the defendant, Sherfey. The justice gave judgment for the plaintiff for twenty-five dollars damages, and the defendant removed the cause into the Circuit Court of Greene county by appeal, where the justice’s judgment was affirmed; and the defendant has appealed in error to this Court.
The proof shows that the defendant’s dog bit Mrs. Bartley in an old field of the defendant, where she was gathering berries, about one-fourth of a mile from the house of defendant; and that if defendant had not driven off the dog, he might have killed her: that there was corn growing in that portion of the field near the house of defendant, and that the neighbors were in the habit of going to the field to pick berries^Several witnesses state that the dog had attacked them on the road, and,- on one occasion, as far as a mile from the house of his owner. Witness Russell stated that, in the spring of 1853, (more than a *60 year before the plaintiff was bitten,) defendant told him “that his dog would sometimes bite, and for him to be careful how he came about his premises.” The proof shows that the damage sustained by the plaintiff was at least twenty-five dollars. Upon this state of facts, the Court instructed the jury “ that, in order to recover in this case, the plaintiff must prove the injury complained of; that defendant’s dog was of vicious habits, accustomed to bite, and that defendant had knowledge of this fact before the injury complained of, and, with such knowledge, permitted his dog to run at large. That if, at the time the injury complained of, the plaintiff, Phoebe Bartley, was in the field of the defendant gathering berries, she would in law be a tresjjasser; and, upon a suit being instituted, the. defendant would be entitled to recover damage for such trespass; but the fact that the plaintiff was in the field-of the defendant at the time she was bitten by the dog, would be no defence to the present suit, if the proof showed that the defendant’s dog was vicious — accustomed to bite or attack people — and that defendant had knowledge of this fact before the injury in this case occurred, and, with such knowledge, permitted his dog to run at large.”
Upon this record, the plaintiff in error has raised two questions. First, it is insisted that the scienter is not proved, and, secondly, that the charge of the Court is erroneous. Upon the first proposition, we think the evidence of the witness Russell would be sufficient to sustain the verdict. Pie says that, more thsi|k a year before the injury complained of, the defendant tola him “ that his dog would sometimes bite, and for him to be careful how he came about his premises.” But there are other circumstances *61 proved, tending to show that the defendant had knowledge of the vicious propensities of his dog.
The second objection rests upon the following portion of the charge of the Court: That if, at the time of the injury complained of, the plaintiff, Phoebe Bartley, was in the field of defendant, gathering berries, she would, in law, be a trespasser; and, upon a suit being instituted, the defendant would be entitled to recover damages for such trespass; but the fact that the plaintiff was in the field of defendant at the time she was bitten by the dog, would be no defence to the present suit.”
Is this charge correct ? We think it is. In the case of Smith vs. Pellah, Strange, 1264, Lee, Chief Justice, ruled that, if a dog have once bitten a man, and the owner, having notice thereof, keep the dog, and let him go about, and he bite another person, case will lie against him at the suit of the person bitten, though it happened by his treading on the dog’s toes; and that it is no answer to the action, where the defendant knew the vicious propensities of the animal, to prove that the party injured was himself guilty of some imprudence or negligence in the transaction.” lb. 3 Stark. Ev., 981.
The defendant knew his dog was vicious, and disposed to attack and bite persons, and was bound to have so confined him as to prevent him from doing mischief.
Let the judgment be affirmed.